**The STATE of Ohio, Appellee,**

**v.**

**PHILLIPS, Appellant.**

[Cite as *State v. Phillips* (1993), 88 Ohio App.3d 409.]

Court of Appeals of Ohio,
Montgomery County.

No. 13804.

Decided June 28, 1993.

*Lorine M. Reid,* Montgomery County Assistant Prosecuting Attorney, for appellee.

*Mark Edward Stone,* for appellant.

FREDERICK N. YOUNG, Judge.

Andre Phillips ("appellant") is appealing from a decision and order of the Common Pleas Court of Montgomery County overruling appellant's postconviction petition to vacate and set aside his conviction and sentence.

Following a jury trial in May 1988, the appellant was found guilty of aggravated robbery with a firearm specification. He filed a timely appeal and both convictions were affirmed by this court on April 17, 1989. On September 29, 1992, the appellant filed with the trial court a postconviction petition to vacate and set aside sentence, pursuant to R.C. 2953.21, which the trial court overruled on November 20, 1992.

The appellant assigns as error the action of the trial court in overruling his petition and argues in support of it that the holding of the Ohio Supreme Court in *State v. Gaines* (1989), 46 Ohio St.3d 65, 545 N.E.2d 68, should be applied retroactively to his case. He claims that a directed application of the holding in *Gaines* would render a jury instruction at his trial reversible error and would prevent his conviction on a firearms specification.

The trial court here determined that *Gaines,* which was decided on October 11, 1989, did not apply retroactively and so overruled appellant's petition on that basis. We do not need to reach that issue. The appellee has pointed out that the appellant's petition is barred by the doctrine of *res judicata* and we agree.

Our Supreme Court has held that:

"Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis sic.) *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 175, paragraph nine of the syllabus.

The Supreme Court has also held that a motion filed under R.C. 2953.21 "is sufficient on its face" if it "raise[s] an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case." *State v. Milanovich* (1975), 42 Ohio St.2d 46, 71 O.O.2d 26, 325 N.E.2d 540, paragraph one of the syllabus. In this case all the factual allegations can be determined by examination of files and records before us and therefore appellant's petition could be dismissed under the rule of *Milanovich.*

We rest our affirmance here, however, primarily on the doctrine of *res judicata* as set forth in *Perry, supra.* When the appellant's original conviction on both counts was appealed to this court, the issue of the sufficiency of the evidence supporting the firearms specification conviction was specifically raised and argued. The appellant at that time claimed that the state had failed to prove the firearm could actually fire a projectile. This court overruled that assignment of error, citing its prior decision in *State v. Street* (Nov. 13, 1987), Montgomery App. No. 10366, unreported, 1987 WL 19910. In *Street* this court discussed in detail the issue of the amount and type of evidence necessary to support a firearm specification and pointed out that this court was following *State v. Vasquez* (1984), 18 Ohio App.3d 92, 18 OBR 455, 481 N.E.2d 640, in which the Court of Appeals for Lucas County followed the reasoning of the Ohio Supreme Court in *State v. Vondenberg* (1980), 61 Ohio St.2d 285, 15 O.O.3d 349, 401 N.E.2d 437, and held that a defendant could be found to have used a firearm which was operable from the facts and circumstances presented to it, and it was not necessary for the state to actually produce the weapon and prove its operability by direct means.

In this case the evidence supporting the firearms specification was the testimony of the victim of the robbery, who stated that he:

"[G]ot a good look at the gun. It was an automatic, .25 or a .22 automatic, a little automatic pistol. * * * [H]e had the gun pointed right at me. * * * It was a blue steel automatic gun. I used to have one years ago myself."

This was the testimony that was before this court on appeal from the original conviction and this court obviously found that the jury was capable of inferring the appellant's use of a firearm was proven by the evidence of the victim that he had had one of those himself and obviously recognized it. Thus the issue was raised and argued before this court, and *res judicata* certainly applies as between the appellee and the appellant in this case.

In *Gaines*, the Supreme Court imposed a more difficult evidentiary burden on the state to prove the operability of a firearm. The court ruled that if the circumstantial evidence presented to prove the operability of the firearm was as consistent with facts insufficient to establish the firearm specification as it was with facts sufficient to establish it, then the doubt must be resolved in favor of the defendant. The court based this ruling on its holding in *State v. Kulig* (1974), 37 Ohio St.2d 157, 160, 66 O.O.2d 351, 352, 309 N.E.2d 897, 899, which held that:

"[W]here circumstantial evidence alone is relied upon to prove an element essential to a finding of guilt, it must be consistent only with the theory of guilt and irreconcilable with any reasonable theory of innocence. [Citations omitted.] * * * If such evidence is as consistent with a theory of innocence as with a theory of guilt, the doubt must be resolved in favor of the theory of innocence."

However, that reasoning in *Kulig* has since been overruled by the Supreme Court in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Moreover, *Gaines* itself has been substantially modified by the Supreme Court in *State v. Murphy* (1990), 49 Ohio St.3d 206, 551 N.E.2d 932. In *Murphy* the court ruled that proof of operability at the time of the offense can be established beyond reasonable doubt by the testimony of lay witnesses who are in a position to observe the instrument and the circumstances surrounding the crime.

By its holding in *Murphy*, the Supreme Court actually put the state of the law back into the position it was in at the time of this appellant's appeal to this court and therefore the holding in *Gaines*, as modified by *Murphy*, would be of no help to the appellant even if it were applied retroactively. We do not disagree with the trial court's determination that *Gaines* should not be applied retroactively, but we specifically base our ruling here on the doctrine of *res judicata*.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GRADY, P.J., and WOLFF, J., concur.