The STATE of Ohio, Appellee,

v.

DAVIS, Appellant.

[Cite as *State v. Davis* (1999), 133 Ohio App.3d 511.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72764.

Decided March 22, 1999.

*William A. Mason,* Cuyahoga County Prosecuting Attorney, and *Michael S. Nolan,* Assistant Prosecuting Attorney, for appellee.

*Hiram Davis, Jr., pro se.*

---

TIMOTHY E. MCMONAGLE, Judge.

Petitioner-appellant Hiram Davis appeals *pro se* the decision of the Cuyahoga County Court of Common Pleas that dismissed his petition for postconviction relief brought pursuant to R.C. 2953.51. Because we find that the trial court failed to review the entire record relied upon by appellant in support of his claims for relief, we reverse and remand the matter to the trial court for further proceedings.

On November 17, 1992, appellant was *indicted on one count of murder,* R.C. 2903.02, with a firearm specification, for the death of Douglas Melton, which occurred on November 4, 1992. At his arraignment on December 1, 1992, appellant pleaded not guilty. After a series of pretrials and his waiver of the right to a speedy trial, before trial, on June 1, 1994, appellant withdrew his plea of not guilty and pleaded guilty to the reduced charge of involuntary manslaughter, R.C. 2903.04(A), without a firearm specification. On July 7, appellant was sentenced to a term of incarceration of five to twenty-five years. No direct appeal of appellant's conviction or sentence was taken. On October 11, 1996, appellant, *pro se,* filed the within petition pursuant to R.C. 2953.21, in which he requested the court to vacate his conviction. In response, the state moved the court to dismiss appellant's petition, and, after briefing, the trial court denied appellant's petition and granted the state's motion to dismiss appellant's petition, and, subsequently, the court entered its findings of fact and conclusions of law.

Appellant, *pro se,* appeals the dismissal of his petition and advances four assignments of error for our review.

"I.   Where trial counsel has a viable defense but pursuasively [*sic*] induces appellant into a plea of not guilty and, where such actions cannot reasonably be considered as either tactical or strategic, and where trial counsel permits the trial court to include in the charge appellant is pleading guilty to, an erroneous felony not included in the official court records and is not a lesser included offense of the original charge in the indictment, appellant's rights to the effective assistance of competent counsel has been denied in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, §§ 10 and 16 Ohio Constitution.

"II.   Where trial counsel fails to investigate and/or interview material witnesses for both the state and defense, that which was fully disclosed to counsel and that which clearly would benefit the defense, appellant's right to a fair trial and effective assistance of counsel has been denied, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, §§ 10 and 16, Ohio Constitution.

"III.   Where trial counsel fails to fully and honestly inform appellant of all relevant and material facts in evidence in the case, and the pertinent [*sic*] law, appellant was not provided the effective assistance of competent counsel and his guilty plea is not based upon a knowing and intelligent voluntary decision.

"IV.   Where trial counsel has full knowledge that his client is reluctant to enter a plea of guilty where appellant wholly believes that he is not guilty, and counsel coercesively [*sic*] induces appellant to proceed with the guilty plea and sentencing in spite of appellant's clear responses of not guilty then reluctant plea of guilty, violates appellant's rights to due process, and effective assistance of competent counsel, provided by the Sixth and Fourteenth Amendments of the United States Constitution, and Article I, §§ 10 and 16, Ohio Constitution."

Appellant in these assignments of error essentially contends that his appointed trial counsel was so ineffective that his representation fell below the objective standard of reasonableness and, but for his errors and omissions, the result of the proceedings would have been different.   Appellant asserts that his appointed counsel induced him to enter a plea that he could not knowingly and intelligently make because counsel failed to fully and competently advise him of both the charge and the sentence ultimately imposed upon him.   Specifically, appellant contends that he was induced to enter his plea to a charge of involuntary manslaughter that stated that he unlawfully caused the death of the victim "as the proximate result of [his] committing or attempting to commit a felony." Appellant argues that the inclusion of that language was erroneous because no

factual basis existed for it and, therefore, his due process rights were violated and an enhanced sentence was improperly imposed upon him.

■■■ It is well settled that a petition for postconviction relief brought pursuant to R.C. 2953.21 will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. *State v. Walden* (1984), 19 Ohio App.3d 141, 146, 19 OBR 230, 235–236, 483 N.E.2d 859, 865–866. Under the doctrine of *res judicata,* a final judgment of conviction bars a defendant who had counsel from litigating in any proceeding, except an appeal from that judgment, any defense or claim of lack of due process that was raised or could have been raised at trial or on direct appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. Absent a showing of an abuse of discretion, a reviewing court will not overrule a trial court's findings on a petition for postconviction relief that are supported by competent and credible evidence. *State v. Mitchell* (1988), 53 Ohio App.3d 117, 119, 559 N.E.2d 1370. "Abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149; *State v. Keenan* (1998), 81 Ohio St.3d 133, 137, 689 N.E.2d 929, 937.

Hearing on a petition for postconviction relief is governed by R.C. 2953.21(C), which provides:

"Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, *the court shall consider,* in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and *the court reporter's transcript.*" (Emphasis added.)

■■■ A criminal defendant challenging his conviction through a petition for postconviction relief is not automatically entitled to a hearing. *State v. Cole* (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169; *State ex rel. Jackson v. McMonagle* (1993), 67 Ohio St.3d 450, 619 N.E.2d 1017. The trial court has a statutorily imposed duty to ensure that the petitioner adduces sufficient evidence to warrant a hearing. R.C. 2953.21(C); *State v. Cole* (1982), 2 Ohio St.3d 112, 113, 2 OBR 661, 662–663, 443 N.E.2d 169, 170–171; see, also, *State v. Kapper* (1983), 5 Ohio St.3d 36, 5 OBR 94, 448 N.E.2d 823; *State v. Carpenter* (1996), 116 Ohio App.3d 292, 295, 688 N.E.2d 14, 15. A petition for postconviction relief may be dismissed without a hearing when the petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. *State v. Jackson* (1980), 64 Ohio St.2d 107,

18 O.O.3d 348, 413 N.E.2d 819; *State v. Apanovitch* (1996), 113 Ohio App.3d 591, 597, 681 N.E.2d 961, 964–965; *State v. Shugar* (May 21, 1992), Cuyahoga App. No. 62536, unreported, 1992 WL 110290. The test to be applied is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case. *State v. Strutton* (1988), 62 Ohio App.3d 248, 251, 575 N.E.2d 466, 467–468.

Moreover, where the petitioner asserts a claim of ineffective assistance of counsel, he bears the initial burden to submit evidence to demonstrate the lack of competent counsel and to demonstrate that his defense was prejudiced by counsel's ineffectiveness. Until he has done so, no evidentiary hearing is required. *State v. Pankey* (1981), 68 Ohio St.2d 58, 22 O.O.3d 262, 428 N.E.2d 413. The standards governing claims of ineffective assistance of counsel under the federal and Ohio constitutions are well established and essentially the same. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. It is well settled that a properly licensed attorney is presumed competent. *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164. In order to overcome this presumption, the petitioner must submit sufficient operative facts or evidentiary documents that, if proven, would show that the petitioner was prejudiced by the ineffective assistance. *State v. Smith* (1987), 36 Ohio App.3d 162, 521 N.E.2d 1112. A reviewing court will not second-guess what could be a matter of trial strategy. *State v. Smith* (1985), 17 Ohio St.3d 98, 17 OBR 219, 477 N.E.2d 1128.

Further, when the trial court or appellate court is reviewing a plea submitted by a defendant its focus should be on whether Crim.R. 11 has been followed. *State v. Kelley* (1991), 57 Ohio St.3d 127, 128, 566 N.E.2d 658.

Crim.R. 11(C) states:

"Pleas of guilty and no contest in felony cases.

" \* \* \*

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and if applicable, that he is not eligible for probation;

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence;

"(c) Informing him of and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

The standard for determining whether a trial court properly accepted a plea is whether the court substantially complied with Crim.R. 11. *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476. "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, or voluntarily made must show a prejudicial effect." *Id.* In *State v. Rainey* (1982), 3 Ohio App.3d 441, 3 OBR 519, 446 N.E.2d 188, the court stated that "[i]n order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge." See, also, *State v. Swift* (1993), 86 Ohio App.3d 407, 412, 621 N.E.2d 513, 516–517.

In his underlying petition for relief brought pursuant to R.C. 2953.21, appellant advanced two claims for relief. To support each claim appellant relied on evidence within the record from his plea hearing held on June 1, 1994, and his sentencing hearing held July 7, 1994, and on evidence *de hors* the record in his sworn affidavit. However, upon review of the record before us, we conclude that before denying the petition, the trial court did not review the transcript of appellant's sentencing hearing held on July 7, 1994, upon which appellant relied to demonstrate operative facts that if proven, he asserts, would show that his plea was not knowingly, intelligently, and voluntarily made, resulting in prejudice from the imposition of a more severe sentence.

On May 20, 1997, the trial court ordered the transcript of the June 1, 1994 plea hearing only. The record demonstrates that the transcript of the July 7, 1994 sentencing was not ordered by the trial court. Moreover, the trial court, in paragraph eight of its findings of facts and conclusions of law, indicated that its decision to deny appellant's petition was based upon its review of the record including the transcript of proceedings that took place on June 1, 1994. Finally, the trial court indicated that the transcript of proceedings that it reviewed was

attached as an appendix to the findings of fact and conclusions of law. This appendix includes the transcript of the June 1, 1994 plea hearing only.

However, in his first claim for relief that alleged ineffective assistance of counsel, appellant relied upon a colloquy contained in the sentencing transcript to demonstrate that as part of his plea agreement he was offered a term of incarceration less than the term imposed by the court as the mandatory term. Appellant relies on his comments that he did not "know much about the legal system." He further stated that "[t]he plea bargain I was offered was two and a half years, two and a half years with good time and it's flat time. This is what I was offered, without a gun and specifications. Now that's what I was looking here, that's what my parents was looking here." The court stated, "Okay. Now, I would appreciate it, Mr. Williams, if you would talk briefly to your client and make sure because what I heard * * *." Appellant contends that this evidences his confusion as to the crime to which he was induced to enter a plea and that the transcript shows that he was precluded from further addressing the court as to whether he wished to proceed with sentencing or to vacate his plea.

Further, in his second claim for relief appellant relied upon the sentencing transcript testimony to support his contention that his plea was not voluntarily made and that he had an incomplete understanding of the plea agreement as it was actually entered in court. Appellant refers to the following comments he made at the sentencing hearing: "[A]s far as the time factor, I don't know too much about the time factor. You had a five-year number or something like that. I was offered a plea bargain which was two and a half and I hope it's still two and a half, or that's the way it should be." Appellant asserts that this testimony shows that he did not voluntarily plead guilty to a charge for which the minimum penalty was greater than the penalty that was agreed to be imposed by the court.

■■■ We are cognizant that the trial court's failure to review the entire transcript of proceedings before denying a petition for postconviction relief without a hearing does not necessarily constitute reversible error. This court in *State v. Broom* (May 7, 1998), Cuyahoga App. No. 72581, unreported, 1998 WL 230425, affirmed the decision of the trial court to dismiss a petition for postconviction relief where the trial court failed to consider the trial transcript in apparent violation of R.C. 2953.21(C). However, we find the circumstances of *Broom* to be distinguishable from the matter *sub judice*. In *Broom*, this court concluded that the court's failure to consider certain portions of the record did not adversely affect the outcome of the postconviction proceeding and determined that the claims asserted by appellant Broom were *res judicata* and found that "[d]espite the seemingly mandatory language of the statute, the courts have not interpreted this section as placing a mandatory duty on the courts to consider a transcript of proceedings" where "[a] remand for the sole purpose of having the

court review matters that are facially barred by *res judicata* would do nothing more than perpetuate this case beyond the six years it languished in the lower court."

That is not the case here. In the matter *sub judice*, the trial court did not find that the claims asserted by appellant were *res judicata*, but found in its conclusions of law that the petitioner had "failed to submit evidentiary documents setting forth sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises."

Therefore, because appellant in his claims for postconviction relief relied in part upon the transcript of the sentencing hearing as evidence to demonstrate that his plea was induced by false promises of his trial counsel and that his plea could not have been knowingly made, we find that the trial court's failure to consider the complete transcript of proceedings before determining whether there were substantive grounds for relief as specified by R.C. 2953.21(C) constitutes an abuse of the trial court's discretion. Since the evidence relied upon by appellant to support the errors asserted in his petition for postconviction relief was contained in the transcript of his plea hearing held June 1, 1994, the transcript of his sentencing on July 7, 1994; and in his affidavit attached to his petition, we find that in determining the issue of whether there were substantive grounds for relief, the trial court was required to consider, "in addition to the petition and supporting affidavits, all the files and record pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized record of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(C). Accordingly, we find that the trial court is required to review the complete transcript of proceedings, including the transcript of appellant's sentencing hearing held July 7, 1994, upon which appellant relied to support his allegations that his trial counsel was ineffective and that his plea was not knowingly made, before determining whether petitioner has set forth sufficient operative facts to demonstrate substantive grounds for relief. Further, despite his protestations that no factual basis for the charge to which he was induced to enter his plea existed, appellant failed to timely appeal his conviction and sentence. By our decision today, we do not foreclose appellant's right pursuant to App.R. 5 to file a motion requesting leave to file a delayed appeal.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DYKE, J., concurs.

PORTER, A.J., dissents.

PORTER, A.J., dissenting.

I respectfully dissent from the majority's disposition of this appeal reversing the denial of postconviction relief. I would affirm the trial court's action on *res judicata* grounds. The majority points out that the trial court apparently failed to review the July 7, 1994 sentencing transcript upon which plaintiff's claims for postconviction relief depended in part. However, whether or not the trial court reviewed the transcript of the July 7 sentencing hearing is immaterial because the doctrine of *res judicata* precluded the defendant from succeeding on postconviction relief. As stated by this court in *State v. Thompson* (Nov. 21, 1996), Cuyahoga App. No. 70532, unreported, at 4, 1996 WL 673999:

"Defendant-appellant's remaining arguments set forth in the first assignment of error, *i.e.*, whether the plea was knowing and voluntary, whether the indictment was improperly amended and the effective assistance of counsel claim, could have been raised at the appellate level on direct appeal or through a delayed appeal, neither of which defendant-appellant attempted. Accordingly, defendant-appellant's remaining claims are now barred by the doctrine of *res judicata* as the trial court properly determined. *State v. McCullough, supra* [78 Ohio App.3d 587, 605 N.E.2d 962]; *State v. Phillips* (1993), 88 Ohio App.3d 409, 623 N.E.2d 1345."

It is plain that if the errors that defendant is now asserting occurred at the July 7 sentencing hearing, they are "not *dehors* the record and therefore should have been raised in a direct appeal not on post-conviction. * * * [P]ost-conviction petitions are not appropriate substitutes for direct appeals. *State v. Nichols* (1984), 11 Ohio St.3d 40, 42 [11 OBR 188, 189–190], 463 N.E.2d 375, 377." *State v. Burks* (Nov. 13, 1997), Cuyahoga App. No. 71904, unreported, at 2, 1997 WL 711256.

Although the trial court may, as the majority contends, have abused its discretion in failing to consider the July 7 transcript, it is of no consequence to the merit of the appeal. The postconviction motion was barred by *res judicata* whether or not the trial court reviewed the transcript because any deficiencies in the transcript could have been raised on direct appeal. I agree with the analysis of this court in *State v. Broom* (May 7, 1998), Cuyahoga App. No. 72581, unreported, 1998 WL 230425, where this court affirmed the trial court's dismissal of a petition for postconviction relief notwithstanding the trial court's failure to review a trial transcript. It is likewise true here. Nothing would be gained by a "remand for the sole purpose of having the court review matters that are facially barred by *res judicata*." *Id.* at 14.

The majority attempts to distinguish the instant case from *Broom* on the grounds that the trial court here "did not find that the claims asserted by appellant were *res judicata*." However, so long as the judgment of the trial court was correct, we are not at liberty to reverse simply because the trial court's rationale was incorrect. "[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." *State ex rel. Fattlar v. Boyle* (1998), 83 Ohio St.3d 123, 125, 698 N.E.2d 987, 989. In other words, defendant has suffered no prejudice from the trial court's failure to review the July 7 transcript, as a review of it would only have produced the judgment that the postconviction petition was barred by *res judicata*. I would affirm the judgment of the trial court dismissing the postconviction petition without a hearing.