I respectfully dissent from the majority's disposition of this appeal reversing the denial of post-conviction relief. I would affirm the trial court's action on res judicata grounds. The majority points out that the trial court apparently failed to review the July 7, 1994 sentencing transcript upon which plaintiff's claims for post-conviction relief depended in part. However, whether or not the trial court reviewed the transcript of the July 7th sentencing hearing is immaterial because the doctrine of res judicata precluded the defendant from succeeding on post-conviction relief. As stated by this Court in State v. Thompson
(Nov. 21, 1996), Cuyahoga App. No. 70532, unreported at 4:
 Defendant-appellant's remaining arguments set forth in the first assignment of error, i.e., whether the plea was knowing and voluntary, whether the indictment was improperly amended and the effective assistance of counsel claim, could have been raised at the appellate level on direct appeal or through a delayed appeal, neither of which defendant-appellant attempted. Accordingly, defendant-appellant's remaining claims are now barred by the doctrine of res judicata as the trial court properly determined. State v. McCollough, supra; State v. Phillips (1993), 88 Ohio App.3d 409.
It is plain to see that if the errors that defendant is now asserting occurred at the July 7th sentencing hearing, they are "notdehors the record and therefore should have been raised in a direct appeal not on post conviction * * * post conviction petitions are not appropriate substitutes for direct appeals. State v. Nichols
(1984), 11 Ohio St.3d 40, 42." State v. Burks (Nov. 13, 1997), Cuyahoga App. No. 71904, unreported at 2.
Although the trial court may, as the majority contends, have abused its discretion in failing to consider the July 7th transcript, it is of no consequence to the merit of the appeal. The post-conviction motion was barred by res judicata whether or not the trial court reviewed the transcript because any deficiencies in the transcript could have been raised on direct appeal. I agree with the analysis of this Court in State v. Broom
(May 7, 1998), Cuyahoga App. No. 72581, unreported, where this Court affirmed the trial court's dismissal of a petition for post-conviction relief notwithstanding the trial court's failure to review a trial transcript. It is likewise true here. Nothing would be gained by a "remand for the sole purpose of having the court review matters that are facially barred by res judicata * * *."Broom, supra, at 14.
The majority purports to distinguish the instant case fromBroom on the grounds that the trial court here "did not find that the claims asserted by appellant were res judicata * * *" (Maj. Opn. at 13). However, so long as the judgment of the trial court was correct, we are not at liberty to reverse simply because the trial court's rationale was incorrect. "A reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." State ex rel. Fattlarv. Boyle (1998), 83 Ohio St.3d 123, 125. In other words, defendant has suffered no prejudice from the trial court's failure to review the July 7 transcript as a review of same would have only produced the judgment that the post-conviction petition was barred by resjudicata as aforesaid. I would affirm the judgment of the trial court dismissing the post-conviction petition without a hearing.