JOURNAL ENTRY AND OPINION
Appellant pro se, Lorenzo Harrison, appeals the trial court's denial of his petition for post-conviction relief (the "petition"). In this appeal appellant presents four interrelated assignments of error. Taken together, the assignments allege three separate errors committed by the trial court in denying his petition. He argues that the trial court erred in deciding that: (1) all of the issues presented in the petition, except one, could be brought only in a direct appeal to this court; (2) it could rely on a transcript of evidence not part of the record; and (3) there was insufficient evidence to warrant a hearing. For the reasons that follow, we overrule each assignment of error and affirm the judgment of the trial court.
In 1999, appellant was indicted on two counts of aggravated arson (R.C. 2909.02). The indictment described that on July 25, 1999 appellant, by the means of fire or explosion, knowingly created a substantial risk of serious physical harm to one Delano Hale. Appellant was also indicted for having knowingly caused physical harm to an occupied structure: 9608 Edmunds Avenue, Cleveland, Ohio. The Edmunds address is where Delano Hale and his brother Ronald Hale were residing on the 25th of July. Following a jury trial, appellant was convicted on one count of the indictment relating to aggravated arson of the structure on Edmunds Avenue.[1]
On July 7, 2000, appellant filed a petition for post-conviction relief, pursuant to R.C. 2953.21. In his petition, appellant presented seven different arguments to support post-conviction relief. Appellant claimed: (1) he was denied his constitutional rights to a fair trial and due process of law because of prosecutorial misconduct, including the use of improper testimony and the failure to disclose evidence favorable to him; (2) his right to a speedy trial was violated; (3) the grand jury had violated prescribed time limits for taking its final action; (4) he did not receive effective assistance of counsel; (5) the court did not allow the jury to view evidence; (6) the jury drew one or more improper inferences; and (7) there was insufficient evidence to sustain his conviction.
On February 20, 2001, the trial court denied the petition and rejected all the issues set forth therein[2] except the one issue claiming ineffective assistance of counsel dehors the record. The trial court rejected the other claims, because either they had to be brought by a direct appeal to this court[3] or appellant had failed to produce sufficient evidence outside the record as required in a petition for post-conviction relief. We agree with the judgment of the trial court.
Assignment of Error No. 1:
 The trial court erred and denied Appellant his due process rights by finding that five (5) of Appellant's claims are barred by the doctrine of res judicata.
For the record, we note that nowhere does the trial court use the phrase "res judicata." Furthermore, appellant never specifies in his brief on appeal which five claims he is challenging the lower court's decision on. However, the trial court did deny five claims as a group on the basis that they could be raised on appeal and an appeal was pending.
A reviewing court will not overrule a trial court's finding on a petition for post-conviction relief absent a showing of an abuse of discretion. State v. Davis (1999), 133 Ohio App.3d 511, 515. An abuse of discretion connotes more than an error of law or judgment; it implies conduct that is unreasonable, arbitrary, or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157.
In the case at bar, appellant filed his petition for post-conviction relief on July 7, 2000.[4] On February 20, 2001, the trial court sent appellant a copy of its Findings of Fact, Conclusions of Law and Judgment Entry, which is the subject of this appeal. In that document the trial court expressly indicated that five of the issues presented in the post-conviction petition were proper on direct appeal,[5] but not through the civil proceeding of post-conviction relief. It is this explanation that appellant appears to be challenging in Assignment of Error I. He argues that the trial court should have considered these five issues on their merits rather than require him to wait until his appeal is heard.[6] As the trial court noted, however, it is well-settled law in Ohio that a petitioner may not raise issues in a petition for post-conviction relief which could have been raised on direct appeal.State v. Perry (1967), 10 Ohio St.2d 175, syllabus.
Appellant's petition included issues based on the record in the criminal case, namely, that he did not receive a fair trial because of: prosecutorial misconduct; ineffective assistance of counsel; untimely determination by the grand jury; violation of the speedy trial statute; improper jury inferences; the trial court's denying a jury view; and insufficient evidence. Because these issues depend on the record, they had to be raised by direct appeal rather than through a petition. The trial court did not abuse its discretion, therefore, in denying those claims. Accordingly, appellant's first assignment of error is overruled.
Because appellant's remaining assignments of error are interrelated we will treat them together.
Assignment of Error No. II:
 The trial court erred to the point of committing falsification by making contradictory findings of facts and conclusions of law when it denied the appellant's petition for post-conviction relief.
Assignment of Error No. III:
 Appellant was denied due process by the trial court's failure to obtain and review the trial transcript or to hold the required evidentiary hearing in the absence of such transcript, before ruling on his petition for post-conviction relief.
Assignment of Error No. IV:
 The trial court erred in finding that the facts asserted in Appellant's affidavits were insufficient and that there was no evidence to warrant an evidentiary hearing.
We are required to review the trial court's overall decision under an abuse of discretion standard, not a de novo review. Davis, supra. Moreover, a petition for post-conviction relief is a very narrow civil remedy which allows a trial court to consider only issues dehors the record, that is, outside of the actual record or trial transcript in a case. R.C. 2953.21 et seq.; See Dayton v. Hill (1970), 21 Ohio St.2d 125.
Appellant argues that it is inconsistent for the trial court in its entry to quote from the trial transcript, which the court later faults defendant for not attaching. Appellant focuses on the following footnote in the entry:
 The Court gave the following instruction to petitioner after the State rested its case:
 The Court: Mr. Harrison, I do want to say to you at this point that you have a right to testify. * * *
The Defendant: Okay.
Even though we agree with appellant that the trial court quoted a portion from the trial and there is no transcript in the record, we, nonetheless, do not find any error sufficient to reverse the court's denial of his petition. However, since this court has never received a certified copy of the transcript, we must necessarily ignore the trial court's footnote.[7] On the other hand, the trial judge correctly observed that an appellant who claims that testimony is perjured must provide that testimony in order to support his challenge with evidence outside the record. It is appellant's, not the court's, burden to produce the record. At the very least, appellant should have provided a transcript of that portion of testimony he believed to have been improperly obtained by the state.
Appellant's affidavit, moreover, does not specify the testimony he challenges. The sheer vagueness of appellant's claim of error is fatal to the argument presented here. The trial court, therefore, did not commit an abuse of discretion in refusing to reach appellant's conclusory allegation that the prosecution used improper testimony.
Appellant further argues that he was entitled to a hearing on his petition.[8] We disagree. A hearing on a petition for post-conviction is not mandated if the trial court finds that the petitioner has failed to submit sufficient evidentiary materials to demonstrate substantive grounds for relief. Davis, supra; State v. Dempsey (June 15, 2000), Cuyahoga App. No. 76386, unreported, 2000 Ohio App. LEXIS 2628.
In the case at bar, the only evidence dehors the record consists of two affidavits, which, by themselves, do not compel a hearing. As the trial court explained:
 Petitioner offers no evidence to support his claim that any fingerprints were found on the bottle fragments found at the scene of the offense or that the fingerprints did not belong to him. * * *
 As to whether the prosecution withheld exculpatory photographs used in the photo array to identify petitioner, petitioner did not attach the particular photographs to his petition, nor did he sufficiently identify which photographs were allegedly withheld. * * * This court has been afforded no means to assess whether the photographs were, in fact, exculpatory.
(Judgment Entry p. 10.) The above-quoted portion of the entry demonstrates that the trial court found appellant's affidavits inadequate. We find the same deficiency. Because appellant's affidavits fail to reference specific details or otherwise provide evidence of the claimed misconduct, the trial court could not, on its own, simply guess what appellant might be referring to in the transcript. State v. Vaughn
(1995), 106 Ohio App.3d 775. We must conclude, therefore, that the trial court did not abuse its discretion in deciding that appellant failed to meet his evidentiary burden in order to warrant further substantive consideration of his petition.
Moreover, as a matter of law, appellant's affidavits, without more, were insufficient to require a hearing to be held on the petition. As he admitted in his brief on appeal: "This matter [regarding the facts asserted in appellant's affidavits] cannot possibly be determined without reviewing both the transcript * * * and the signed statement which remains in the prosecutor's possession * * *." Appellant's failure to produce the transcript is the underlying problem here. Accordingly, the trial court did not abuse its discretion. Appellant's assignments of error Nos. II, III, and IV are without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] This conviction is the subject of a separate appeal in this court, State v. Harrison (Dec. 6, 2001), Cuyahoga App. No. 77929, unreported.
[2] The trial court rejected all the following claims: (1) denial of a fair trial because of prosecutorial misconduct; (2) untimely action by the grand jury; (3) violation of his right to speedy trial; (4) ineffective assistance of counsel; (5) denial of his request for a jury view of evidence; (6) improper inferences drawn by the jury; and (7) insufficient evidence to support his conviction.
[3] We note that in his direct appeal in Case No. 77929, appellant raised the issues relating to the insufficiency of the evidence and ineffective assistance of counsel but provided no evidence dehors the record.
[4] Appellant was then granted leave to file a delayed appeal of his conviction in Case No. 77929 on January 10, 2001.
[5] In its entry denying the petition, the court fully explained its reasons and also stated the following:
 At the time the within petition was filed, there was no direct appeal in this matter. On December 21, 2000, the Court of Appeals granted petitioner's pro se motion for leave to file delayed appeal. See Journal Entry, January 10, 2001.
[6] On June 11, 2001, in his direct appeal, appellant raised only one of the issues he attempted to bring in the earlier petition for post-conviction relief.
[7] The trial court quoted from the trial apparently to correct what it believed was appellant's misstatement of fact. We also clarify that the court's quotation of a few lines from the trial does not prove the court had the rest of the transcript.
[8] According to appellant, he is entitled to a hearing in order to prove: (1) the state used perjured/false testimony at trial; (2) there were "fingerprints * * * found on the bottle fragments found at the scene of the offense;" and (3) the eyewitness identification of him as the offender from a photo array was flawed because the state withheld exculpatory photographs that could have been used in the photo array.