OPINION
Appellant, Jerome E. Gibson, appeals the judgment entered by the Trumbull County Court of Common Pleas. The trial court denied Gibson's postsentence motion to withdraw his guilty plea. Due to Gibson's incarceration, this case is submitted on the briefs of the parties.
In May 1996, Gibson pled guilty to seven counts of robbery. He was sentenced to a term of eight to fifteen years in prison on each count, to run concurrent to each other and to a sentence imposed in Mahoning County. In April 2001, Gibson filed a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1.
Gibson also filed a motion for the appointment of counsel and for a transcript of the proceeding. The trial court denied this motion, finding that Gibson was not entitled to appointed counsel or production of transcripts at state expense, as Gibson did not currently have an appeal pending at that time.
The trial court denied Gibson's motion to withdraw his guilty plea without a hearing. The trial court found that Gibson failed to demonstrate a manifest injustice that would allow the court to withdraw his plea. The trial court further found that many of Gibson's allegations were refuted by the signed guilty plea.
Gibson sets forth four assignments of error. Before individually addressing his assignments of error, we will address some general concerns of Gibson's appeal. Crim.R. 32.1 provides a means for a criminal defendant to withdraw a guilty plea and states, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The defendant has the burden to show the existence of the alleged manifest injustice.[1]
Gibson was convicted of seven different crimes, so he actually pled guilty seven different times. Pleading guilty seven times weighs heavily in favor of Gibson entering knowing and voluntary pleas. Further, we note the delay, nearly five years, from the time that the pleas were entered until Gibson filed his motion to withdraw them. The Supreme Court of Ohio has held that "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."[2] With these notations in mind, we will consider Gibson's individual assignments of error.
Gibson's first assignment of error is:
 "The trial court abused [its] discretion when it denied the motion for the withdraw of forced guilty pleas without reading the guilty plea transcripts."
Gibson claims he was prejudiced by the trial court's failure to review the transcripts of the guilty plea hearing. As the state notes, Gibson offers this court no proof that the trial court did, or did not, review these transcripts.
Gibson cites no case law requiring a trial court to review the transcripts when considering a motion pursuant to Crim.R. 32.1. Gibson relies on State v. Davis, for his assertion that a trial court's failure to review transcripts is reversible error.[3] However, Davis involved a petition for postconviction relief pursuant to R.C. 2953.21, it did not involve a postsentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1.[4]
In a similar case, State v. Gibbs, the majority affirmed a trial court's denial of a motion to withdraw a guilty plea when no transcript of the guilty plea hearing was available.[5] This court has also held that "if the defendant fails to submit evidence containing sufficient operative facts to demonstrate that his plea was not entered into knowingly and voluntarily, and the record indicates that the defendant is not entitled to relief, the trial court may dismiss the motion without a hearing."[6]
In light of these holdings, even if the trial court failed to review the transcripts of the guilty plea hearing, such a failure would not constitute reversible error.
Gibson's first assignment of error is overruled.
Gibson's second assignment of error is:
 "Appellant Gibson was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution and the Ohio Constitution."
Gibson claims that Attorney Matthew Pentz from the Trumbull County Public Defender's Office was appointed to represent him. However, on the day of sentencing, Attorney Pentz was ill, and another attorney from the Public Defender's Office took the place of Attorney Pentz.
Gibson asserts this replacement attorney did not know the facts of the case or the legal arguments. He further claims that the attorney merely told him to plead guilty.
In State v. Bradley, the Supreme Court of Ohio has adopted the following test to determine if counsel's performance is ineffective: "[c]ounsel's performance will not deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation, and, in addition, prejudice arises from counsel's performance."[7]
In Ohio, a licensed attorney is presumed to have rendered effective assistance to a criminal defendant.[8] Moreover, in order to establish ineffective assistance of counsel at a guilty plea hearing, the defendant must show that, but for counsel's errors, there was a reasonable probability that they would not have pled guilty to the offense.[9]
The only specific claim Gibson asserts regarding his counsel's alleged ineffectiveness is that his counsel failed to advise him that he was ineligible for probation. However, even if this claim was true, we do not see that Gibson was prejudiced by it, because Gibson signed the form "finding on guilty plea and indictment." This document contains the language "[f]urthermore, I have been informed by the Court and understand that I am (not) eligible for probation * * *." The word (not) is circled. Gibson has also failed to show that but for counsel's alleged error, he would not have pled guilty.
Gibson has failed to demonstrate his claim for ineffective assistance of counsel. Gibson's second assignment of error is without merit.
Gibson's third assignment of error is:
 "Trial court failed to substantially comply with criminal rules [governing] voluntariness of guilty pleas so as to require vacation of guilty plea, where trial court failed to inform defendant of his ineligibility for probation due to actual incarceration."
Gibson asserts that he was not properly informed that he would not be eligible for probation. However, Gibson signed the plea agreement. This document contains clear language that Gibson was not eligible for probation. The trial court found that Gibson's "claims are summarily refuted by his signed plea agreement." We agree.
This court has addressed a similar issue regarding a plea agreement form. In State v. Gibbs, the plea agreement also contained the language "I have been informed by the Court and understand that I am (not) eligible for probation."[10] In Gibbs, the word (not) contained an ink strikethrough. The majority in Gibbs still affirmed the trial court's judgment denying the withdrawal of the guilty plea.
Instead of the word (not) being crossed out, as it was in Gibbs, it was circled. This document rebuts Gibson's claim that he was not informed that he was not eligible for probation.
Gibson's third assignment of error is without merit.
Gibson's fourth assignment of error is:
 "Trial court erred as a matter of law when it failed to appoint counsel to represent the appellant Gibson in his efforts to obtain some justice in the trial court."
Gibson asserts that the trial court erred when it denied his motion for appointment of counsel. We do not agree.
In a similar case involving a postsentence Crim.R. 32.1 motion, this court held that it was not necessary to appoint counsel when: "(1) a true evidentiary hearing was never held on appellant's motion to withdraw; and (2) the assertions in appellant's motion and affidavit were not sufficient to warrant such a hearing."[11] In Perry, a hearing was held, however, this court concluded that it was not a true evidentiary hearing.[12] In the case sub judice, there was no hearing held. We also agree with the trial court's findings that Gibson's assertions did not warrant a hearing in this case.
Gibson was not entitled to appointed counsel. Gibson's fourth assignment of error is without merit.
The judgment of the trial court is affirmed.
DONALD R. FORD, J., DIANE V. GRENDELL, J., concur.
[1] State v. Smith, (1977), 49 Ohio St.2d 261, paragraph one of the syllabus.
[2] Id. at paragraph three of the syllabus.
[3] State v. Davis (1999), 133 Ohio App.3d 511.
[4] Id.
[5] State v. Gibbs (June 9, 2000), 11th Dist. No. 98-T-0190, 2000 Ohio App. LEXIS 2526, at *3.
[6] (Citations omitted.) State v. Kerns (July 14, 2000), 11th Dist. No. 99-T-0106, 2000 Ohio App. LEXIS 3202, at *5-6.
[7] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. (Adopting the test set forth in Strickland v. Washington
(1984), 466 U.S. 668.)
[8] (Citations omitted.) State v Kerns, 2000 Ohio App. LEXIS 3202, at *7.
[9] Id.
[10] State v. Gibbs, 2000 Ohio App. LEXIS 2526, at *9.
[11] State v. Perry (May 2, 1997), 11th Dist. No. 95-T-5351, 1997 Ohio App. LEXIS 1793, at *18.
[12] Id.