OPINION *Page 2 
{¶ 1} The defendant-appellant, Thomas D. Smith, appeals the judgment of the Hancock County Common Pleas Court convicting him of felonious assault, aggravated robbery, and kidnapping and sentencing him to an aggregate prison term of 15 years.
 {¶ 2} On February 25, 2006, Smith went to the Findlay Village Mall with Sean McKee and Jennifer Harmon, McKee's girlfriend, after drinking some alcoholic beverages. While they were at the mall, Chris Berger called Harmon's cell phone several times, which angered McKee and Smith. Eventually, Smith, McKee, and Harmon returned to Smith's home where they continued drinking and were joined by Nicole Bragenzer. During this time, Berger continued to call Harmon's cell phone although he had been asked to stop. McKee and Smith were angry because another man was repeatedly calling Harmon, so the group decided to meet Berger and retaliate against him.
 {¶ 3} Unbeknownst to Berger, when Harmon and Bragenzer met him, Smith and McKee were hiding in the trunk of the car Harmon was driving. Harmon drove to a remote location, and Smith and McKee got out of the trunk and forced Berger out of the car. Smith hit Berger in the face, knocking him to the ground. The men forced Berger to take off his clothes and then used a tire iron *Page 3 
and a belt to beat him. At some point, McKee urinated on Berger and photographs were taken. After taking Berger's cell phone, wallet, and jacket, the group left him lying on the ground and drove away. Berger managed to seek assistance from the occupants of a nearby farmhouse.
 {¶ 4} The following constitutes the relevant procedural history of the case. On March 7, 2006, the Hancock County Grand Jury indicted Smith on the following offenses: Count One, felonious assault, a violation of R.C. 2903.11(A)(1), a second degree felony; Count Two, felonious assault, a violation of R.C. 2903.11(A)(2), a second degree felony; Count Three, aggravated robbery, a violation of R.C. 2911.01(A)(3), a first degree felony; and Count Four, kidnapping, a violation of R.C.2905.01(A)(3), a first degree felony. At arraignment, Smith pled not guilty to each offense.
 {¶ 5} On May 31, 2006, the trial court held a joint change of plea and sentencing hearing. Smith withdrew his previously tendered pleas of not guilty and pled guilty to each offense of the indictment in exchange for a jointly recommended sentence of 15 years in prison. Finding that counts one and two merged, the trial court found Smith guilty on counts two, three, and four of the indictment. As to sentencing, the court ordered Smith to serve seven years on count two, eight years on count three, and eight years on count four. The court *Page 4 
ordered the two eight-year prison terms to be served concurrent to each other, but consecutive to the seven-year prison term; an aggregate sentence of 15 years.
 {¶ 6} Smith appeals the judgment of the trial court, setting forth a single assignment of error.
 Assignment of Error Mr. Smith was denied the effective assistance of counsel when counsel allowed him to accept an agreed-upon sentence of non-minimum, consecutive prison terms.
 {¶ 7} To support his assignment of error, Smith contends that he is not directly challenging the sentence because he is barred from doing so by R.C. 2953.08(D). However, Smith contends he may present an appeal based on the ineffective assistance of counsel. Smith contends that because the holding in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, creates an ex post facto law and violates due process protections, the trial court could not sentence him "to anything more than minimum, concurrent sentences." Smith believes that the statutory maximum prison term to which he could be sentenced is three years. Therefore, he contends that trial counsel was ineffective for failing to advise him as such.
 {¶ 8} Both Smith and the State are correct that R.C. 2953.08(D) bars appellate review of a sentence that has been jointly recommended by the parties and imposed by the trial court. Although Smith's assignment of error appears to *Page 5 
focus on the sentencing aspect, he essentially contends that his plea agreement was not knowing, intelligent, and voluntary due to trial counsel's failure to apprise him as to the current state of Ohio's sentencing law. See generally State v. Mitchell, 11th
Dist. No. 2004-T-0139, 2006-Ohio-618, at ¶ 20, fn. 3, citing Crim.R. 11(C);
State v. Scott, 11th Dist. No. 2003-T-0172,2005-Ohio-689, at ¶ 3. "A defendant who pleads guilty may only attack the voluntary, knowing, and intelligent nature of the defendant's plea."State v. Shields, 3rd Dist. No. 9-06-16, 2007-Ohio-462, at ¶ 16. The defendant "`may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id., quoting State v. Spates,64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351. Because Smith pled guilty and the trial court imposed the 15-year jointly recommended sentence, he may appeal only the knowing, intelligent, and voluntary nature of his plea, which he does by challenging the effectiveness of trial counsel.
 {¶ 9} The Ohio Supreme Court has recently outlined the appropriate test to determine whether trial counsel was ineffective.
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial * * *." *Page 6 
State v. Gondor, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, at ¶ 61, quoting Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraph two of the syllabus.
 {¶ 1O} A properly licensed attorney is presumed competent, and the defendant bears the burden of proof to show otherwise. Id., at ¶ 62, citing State v. Calhoun, 86 Ohio St.3d 279, 280, 1999-Ohio-102,714 N.E.2d 905, citing Vaughn v. Maxwell (1965), 2 Ohio St.2d 299,209 N.E.2d 164. "In order to overcome this presumption, the petitioner must submit sufficient operative facts or evidentiary documents that demonstrate that the petitioner was prejudiced by the ineffective assistance." Id., citing State v. Davis (1999), 133 Ohio App.3d 511,516, 728 N.E.2d 1111. "To demonstrate prejudice, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id., quoting Strickland, at 694.
 {¶ 11} In this case, we cannot hold that trial counsel's performance was deficient. Smith was sentenced after the Supreme Court decidedFoster. By May 31, 2006, this court had remanded several cases to the trial courts for new sentencing hearings pursuant to Foster. State v.McKercher, 3rd Dist. No. 1-05-83, *Page 7 
1006-Ohio-1772; State v. Sanchez, 3rd Dist. No. 4-05-47,2006-Ohio-2141. In those cases, the defendants were sentenced prior toFoster, but because their direct appeals were pending, we were required to remand for a new sentencing hearing. Also in those cases, we noted that the ex post facto law argument was not properly before us for review. McKercher, at ¶ 6; Sanchez, at ¶ 8. Other appellate districts decided similar cases in the same manner. On remand, the defendants were sentenced, and subsequently, some of them appealed their sentences, again arguing that Foster created an ex post facto law in violation of due process. By that time, this Court had decided State v. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, in which we held that Foster violates neither federal notions of due process nor state protections against unconstitutionally retroactive laws. Smith was sentenced after Foster and prior to McGhee. We must presume that counsel was aware of the precedent from this Court and from across the state, and Smith has failed to produce any evidence to the contrary.
 {¶ 12} Furthermore, Smith was aware of the potential sentence he faced. On the record, trial counsel clearly established that he and Smith had discussed several aspects concerning trial strategy. As to sentencing, counsel stated:
 I've also gone into the sentencing possibilities that exist under Ohio law for the several felonies before the court. Also gone into the concepts of merger, particularly with the felonious assault charges, possibly with the kidnapping and robbery. *Page 8 
 Reviewed with Mr. Smith a worse case scenario up to 36 years of liability if in fact there is no merger. Reviewed with Mr. Smith a best case scenario of the probation violation, and the minimum time of the offenses all running concurrently.
 Reviewed with Mr. Smith various other plea negotiations that were made during one of the many pre-trial conferences in this case, including a range from 10 to 20 years. And reviewed with Mr. Smith the four page document captioned pleas of guilty in this case.
(Emphasis added). (Hearing Trans., Jul. 26, 2006, at 6-7). As stated in the record, Smith was counseled as to a "best case scenario" for sentencing.
 {¶ 13} Smith faced a potential maximum sentence of 26-36 years in prison if convicted at trial and depending on whether the felonious assault charges merged. Pursuant to Crim.R. 11, the trial court reviewed the potential sentences with Smith prior to the entry of his guilty pleas. (Hearing Trans., at 30:3-16). Specifically, the trial court stated:
 And just to give you an idea of the absolute total range that could be imposed in this particular case, do you understand that if I were to run all of your sentences concurrently, and impose the minimum term, the term that I would impose would be 3 years? * * * However, if the Court were to go to the other end of the spectrum and decide it was appropriate to sentence you as to all four cases and impose maximum terms of a consecutive nature, that you could serve as long as — by my calculation — of up to 36 years?
(Hearing Trans., at 30-31). The court also advised Smith that it was not bound to accept the 15 year sentence recommended by the parties. (Hearing Tr., at 26:4-14). Smith indicated his understanding of the court's statements. The sentencing *Page 9 
ranges were also set forth on the written plea agreement signed by the defendant. (Pleas of Guilty, May 31, 2006, at 1-2). On this record, Smith was aware of the sentencing ranges and that the trial court could craft an appropriate sentence within that range.
 {¶ 14} More importantly, Smith pled guilty in exchange for a recommended sentence of 15 years, despite his awareness that the trial court could disregard the recommendation and craft a different, potentially higher, sentence. The decision to plead guilty in order to avoid a jury trial is a tactical strategy to which we afford counsel deference. See generally State v. Ketterer, 111 Ohio St.3d 70,2006-Ohio-5283, 855 N.E.2d 48, at ¶ 85, citing Strickland, at 689. Smith has received the benefit of his bargain. Accordingly, we find Smith's argument without merit and overrule his sole assignment of error.
 {¶ 15} The judgment of the Hancock County Common Pleas Court is affirmed.
Judgment affirmed.
 ROGERS, P.J., and SHAW, J., concur. *Page 1