The STATE of Ohio, Appellee,

v.

PLESS, Appellant.

[Cite as *State v. Pless* (1993), 91 Ohio App.3d 197.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–326.

Decided Sept. 3, 1993.

*Anthony G. Pizza,* Lucas County Prosecuting Attorney, and *J. Christopher Anderson,* Assistant Prosecuting Attorney, for appellee.

*Robert J. Churilla,* for appellant.

*Per Curiam.*

This is an appeal from the August 21, 1992 decision of the Lucas County Court of Common Pleas which denied appellant's petition for post-conviction relief. Appellant's sole assignment of error is:

"Defendant's right to due process was violated when the trial court granted plaintiff's motion for summary judgment without giving defendant an opportunity to respond to the motion."

On July 8, 1992, appellant James Daniel Pless filed a petition for post-conviction relief with the Lucas County Court of Common Pleas. On August 18, 1992, appellee, state of Ohio, filed a motion for summary judgment. The trial court granted the state's motion on August 24, 1992, prior to giving appellant an opportunity to respond. Appellant asserts that, by granting summary judgment without allowing him to respond, appellant was denied his right to due process. We agree.

An action for post-conviction relief, under R.C. 2953.21, is a civil proceeding. *State v. Nichols* (1984), 11 Ohio St.3d 40, 42, 11 OBR 188, 189, 463 N.E.2d 375, 377; *State v. Milanovich* (1975), 42 Ohio St.2d 46, 49, 71 O.O.2d 26, 27, 325 N.E.2d 540, 541. Post-conviction relief proceedings are, therefore, governed by the Ohio Rules of Civil Procedure. *State v. Milanovich, supra,* at 51–52, 71 O.O.2d at 28–29, 325 N.E.2d at 543–544.

Civ.R. 56(E) states, in pertinent part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

After a motion has been filed and served on a party, Loc.R. 14.04 of the Court of Common Pleas of Lucas County provides:

"Opposing counsel or party shall serve and file an answer brief, along with attachment and materials offered in opposition to a motion, within fourteen (14) days after service of such motion."

Civ.R. 56 and the time limits required by Loc.R. 14.04 of the Court of Common Pleas of Lucas County are not in conflict with any provision of R.C. 2953.21, post-conviction remedies.

In the present case, the trial court ruled upon the state's motion for summary judgment prior to the expiration of the fourteen-day time limit for appellant's

response. Appellant's right of due process was infringed since he had no opportunity to respond to the motion for summary judgment, as required by local rules. Appellant's sole assignment of error is found well taken.

Accordingly, we reverse the judgment of the Lucas County Court of Common Pleas and remand the cause for further proceedings not inconsistent with this decision. Court costs assessed to appellee.

*Judgment reversed*
*and cause remanded.*

HANDWORK, ABOOD and SHERCK, JJ., concur.