OPINION
In 1996, defendant-appellant, John Raypole, appealed the denial of his pro se petition for postconviction relief. This court reversed and remanded the case to the Fayette County Court of Common Pleas with instructions to either decide the merits of appellant's petition or rule that it was barred by res judicata. State v. Raypole (Nov. 25, 1996), Fayette App. No. CA96-04-006, unreported.
On December 18, 1996, appellant filed a "Motion for Reassignment Due to Prejudice" claiming that Fayette County Common Pleas Judge Omar A. Schwart was prejudiced. Judge Schwart recused himself and retired Judge Rollo Marchant was assigned to hear the case. On March 12, 1997, Judge Marchant issued a briefing schedule. A little over a month later, by entry dated April 23, 1997, Judge Marchant recused without explanation. Ohio Supreme Court Chief Justice Thomas Moyer then assigned Ross County Common Pleas Judge William J. Corzine III to the case.
Appellant subsequently filed a "Motion to Set Forth Journal Entry of Reasons for Recuse of Judge Rollo Marchant" seeking an explanation for Judge Marchant's recusal. On August 18, 1997, Judge Corzine issue two entries: The first denied appellant's petition for postconviction relief; the second denied several pending motions including appellant's motion to set forth reasons for Judge Marchant's recusal.
On September 3, 1997, appellant filed a petition to "Vacate Voidable Entry and Decisions" in which he sought to vacate Judge Corzine's August 18, 1997 entries. The matter is now before this court on a timely appeal of Judge Corzine's September 24, 1997 entry denying appellant's petition to vacate.
Since the motion to vacate is directly related to appellant's petition for postconviction relief, it is a collateral civil attack on a criminal judgment and is governed by the Rules of Civil Procedure. State v. Steffen (1994), 70 Ohio St.3d 399; State v. Pless (1993), 91 Ohio App.3d 197, jurisdictional motion overruled (1994), 69 Ohio St.3d 1408. Accordingly, the trial court has the same discretion to deny relief as in any other civil postjudgment motion. State v. Apanovitch (1995), 107 Ohio App.3d 82, appeal dismissed (1996), 75 Ohio St.3d 1474.
Postjudgment proceedings in civil matters are generally governed by Civ. R. 60, and appellant's September 3, 1997 petition to vacate is tantamount to such a motion. This court has followed the well-settled principle that a trial court's determination on a Civ. R. 60 motion will not be disturbed on appeal absent a showing that the trial court abused its discretion. Taylor v. Haven (1993), 91 Ohio App.3d 846.
Appellant cites several cases for the proposition that the reassignment of a case to another judge is improper absent a justifiable reason for the transfer. These cases are, however, from multijudge courts, i.e., courts that have more than one judge in the common pleas general division. The Fayette County Court of Common Pleas, on the other hand, has only one judge in its general division. See R.C. 2301.02(A). Moreover, both Judge Marchant and Judge Corzine were visiting judges assigned by the Ohio Supreme Court and neither was a sitting judge in Fayette County.
Judge Marchant's only involvement in the case was to issue a briefing schedule. Appellant has not demonstrated any prejudice from Judge Marchant's recusal and the subsequent assignment of Judge Corzine to the case.
We accordingly conclude that the trial court did not abuse its discretion in denying appellant's motion to vacate the August 18, 1997 entries denying appellant's petition for postconviction relief and other pending motions.
The assignment of error is overruled and the judgment of the trial court is hereby affirmed.
KOEHLER and WALSH, JJ., concur.