OPINION
Defendant-appellant Timothy T. Dunbar appeals the October 2, 2000 Judgment Entry entered by the Stark County Court of Common Pleas, denying his petition for post-conviction relief and granting the motion for summary judgment of plaintiff-appellee State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 26, 1998, the Stark County Grand Jury indicted appellant on one count of aggravated robbery, in violation of R.C. 2911.01(A). Following a jury trial, appellant was convicted of the charge. The trial court sentenced appellant to a term of imprisonment of five years. Appellant filed a timely notice of appeal to this Court. This Court affirmed his conviction and sentence. State v. Dunbar (Nov. 1, 1999), Stark App. No. 1998-CA-00275, unreported.
On April 20, 2000, appellant filed a Motion for Judicial Release pursuant to R.C. 2929.20, which the trial court summarily overruled via Judgment Entry filed May 15, 2000. Appellant filed a Civ.R. 60(B)(5) Motion for Relief from Judgment on September 13, 2000. In his motion, appellant asserted his sentence was erroneous as the trial court failed to comply with R.C. 2929.14(B). The trial court filed a judgment entry on September 25, 2000, overruling appellant's motion for judicial release. On September 27, 2000, the State filed a response to appellant's Civ.R. 60(B)(5) motion and a motion for summary judgment. Via Judgment Entry filed October 2, 2000, the trial court vacated the September 25, 2000 Entry. In the same entry, the trial court denied appellant's Civ.R. 60(B) motion, which the trial court treated as a petition for post-conviction relief, and granted the State's motion for summary judgment. The trial court found the claims appellant raised in his petition could have been raised on direct appeal; therefore, such were barred by the doctrine ofres judicata.
It is from this judgment entry appellant prosecutes his appeal, raising the following assignments of error:
 I. THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW WHEN THE TRIAL COURT GRANTED THE STATE'S MOTION FOR SUMMARY JUDGMENT, WITH OUT [SIC] AFFORDING APPELLANT AN OPPORTUNITY TO RESPOND TO THE STATE'S MOTION.
 II. TRIAL COURT INCORRECTLY RULED THAT THE ISSUES RAISED BY APPELLANT [SIC] MOTION, WERE BARRED BY RES JUDICATA, WHEN THE ISSUE HAD NOT BEEN RULED UPON BY THE SUPREME COURT UNTIL AFTER APPELLANT'S TRIAL AND AFTER THE FILING OF THE APPELLANT'S DIRECT APPEAL.
 I, II
Because appellant's assignments of error are interrelated, we shall address said assignments of error together. In his first assignment of error, appellant maintains the trial court violated his right to due process of law by granting the State's motion for summary judgment without affording appellant an opportunity to respond. In his second assignment of error, appellant contends the trial court incorrectly ruled his claims were barred by res judicata because the Ohio Supreme Court had not addressed the issues until after appellant's direct appeal to this Court.
In State v. Pless (1993), 91 Ohio App.3d 197, the Lucas County Court of Appeals determined a trial court's granting of a motion for summary judgment without providing a petitioner with an opportunity to respond denied that petitioner his right to due process. Id. at 198. The Pless
Court reasoned:
 An action for post-conviction relief, under R.C. 2953.21, is a civil proceeding. State v. Nichols (1984), 11 Ohio St.3d 40, 42 (Additional citation omitted); State v. Milanovich (1975), 42 Ohio St.2d 46, 49
(Additional citation omitted). Post-conviction relief proceedings are, therefore, governed by the Ohio Rules of Civil Procedure. State v. Milanovich, supra, at 51-52 (Additional citation omitted).
Civ.R. 56(E) states, in pertinent part:
 "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
 After a motion has been filed and served on a party, Loc.R. 14.04 of the Court of Common Pleas of Lucas County provides:
 "Opposing counsel or party shall serve and file an answer brief, along with attachment and materials offered in opposition to a motion, within fourteen (14) days after service of such motion."
 Civ.R. 56 and the time limits required by Loc.R. 14.04 of the Court of Common Pleas of Lucas County are not in conflict with any provision of R.C. 2953.21, post-conviction remedies.
 In the present case, the trial court ruled upon the state's motion for summary judgment prior to the expiration of the fourteen-day time limit for appellant's response. Appellant's right of due process was infringed since he had no opportunity to respond to the motion for summary judgment, as required by local rules.
 Id. at 198-199.
Loc.R. 10.01 of the Court of Common Pleas of Stark County provides:
 * * * Motions for summary judgment taken pursuant to Civil Rule 56 will be set for hearing and briefs will be due as required by Civil Rule 56(C).
The Ohio Rules of Civil Procedure clearly contemplate that a party will have at least fourteen days following service of a motion for summary to file opposing affidavits. See, Civ.R. 56(C). The trial court herein did not provide appellant with an opportunity to respond, thereby denying appellant's right to due process. However, we do not find such error to be prejudicial. See, State v. Miller (Nov. 10, 1994), Cuyahoga App. No. 67388, unreported.
In his petition, appellant challenged the trial court's failure to comply with R.C. 2929.14(B) in sentencing him to a prison term of more than the minimum allowed by law. Appellant's claim, when viewed in the context of the entire record, justifies the trial court's application of the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding * * * any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on any appeal from that judgment." State v.Svefcyk (1996), 77 Ohio St.3d 93, syllabus. Because appellant could have raised this claim at trial or on direct appeal, we find the doctrine ofres judicata is applicable and the trial court did not err in granting the State's motion for summary judgment.
Appellant's first and second assignments of error are overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hoffman, P.J. Farmer, J. and Boggins, J. concurs