OPINION
{¶ 1} On December 12, 2001, the Ashland County Grand Jury indicted appellant, Brian Siler, on two counts of aggravated murder with specifications in violation of R.C. 2903.01, one count of endangering children in violation of R.C. 2919.22, one count of aggravated burglary in violation of R.C. 2911.11, one count of violation of a protection order in violation of R.C.2919.27 and two counts of domestic violence in violation of R.C.2919.25. Said charges arose from the death of appellant's wife, Brenda Siler.
 {¶ 2} A jury trial commenced on May 7, 2002. The jury found appellant guilty as charged, and recommended death. By judgment entry filed July 5, 2002, the trial court sentenced appellant to life in prison without parole. The convictions and sentence were affirmed on appeal. State v. Siler, Ashland App. No. 02COA028, 2003-Ohio-5749.
 {¶ 3} On April 5, 2003, appellant filed a petition to vacate or set aside the judgment. On May 8, 2003, the state filed a response and motion to dismiss. By judgment entry filed May 16, 2003, the trial court dismissed the petition.
 {¶ 4} On June 5, 2003, appellant filed a Civ.R. 60(B) motion for relief from judgment. By judgment entry filed August 22, 2003, the trial court denied the motion.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The trial court erred in dismissing mr. siler's postconviction petition where he presented sufficient operative facts and evidence outside the trial record which, if proved, would entitle him to relief."
 II {¶ 7} "As applied to mr. siler, ohio's postconviction procedures neither afforded an adequate corrective process nor complied with due process and equal protection under the fourteenth amendment."
 III {¶ 8} "Considered together, the cumulative errors set forth in mr. siler's substantive grounds for relief merit reversal or remand for a proper postconviction process."
 IV {¶ 9} "The trial court erred by failing to grant mr. siler's ohio civ.r. 60(b) motion for relief from judgment dismissing his postconviction petition."
 IV {¶ 10} We will address this assignment of error first as we find it to be dispositive of this appeal. Appellant claims the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment. Under this assignment, appellant specifically argues the trial court erred in ruling on the state's motion to dismiss without affording him the opportunity to respond. We agree.
 {¶ 11} The state filed its motion to dismiss on May 8, 2003. By judgment entry filed May 16, 2003, the trial court granted the motion. Pursuant to Loc.R. 10 of the Court of Common Pleas of Ashland County, appellant had ten days to respond to the state's motion. Although the trial court correctly points out a petition for postconviction relief is specifically created by statute, R.C. 2953.21, this court has found local rules to apply to postconviction relief proceedings. See State v. Haddix (October 6, 1997), Stark App. No. 1997CA0084, citing State v. Pless
(1993), 91 Ohio App.3d 197.
 {¶ 12} Upon review, we find the trial court erred in ruling on the motion to dismiss without affording appellant the opportunity to respond.
 {¶ 13} Assignment of Error IV is granted. The remaining assignments of error are moot.
 {¶ 14} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby vacated.
Hoffman, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is vacated and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.