DECISION.
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the judgment of the Hamilton County Municipal Court dismissing two charges of driving under the influence of alcohol against defendant-appellee, Amanda Battease.
 {¶ 2} In the early morning hours of May 7, 2005, Silverton Police Officer Robert Elliott stopped Battease's car for speeding. Elliott stopped his cruiser behind Battease's car. After observing her demeanor, Elliott suspected that Battease had been driving under the influence of alcohol.
 {¶ 3} Officer Thomas Hickey arrived on the scene soon after the stop and parked his cruiser behind Elliott's. Hickey's cruiser was equipped with a video camera that was activated when he turned on his overhead lights.
 {¶ 4} Battease was ordered to perform a series of field-sobriety tests, which the officers determined that she had failed. Hickey arrested Battease, and she refused to submit to a breathalyzer test. She was charged with operating a vehicle while intoxicated under R.C.4511.19(A)(1)(a).[1]
 {¶ 5} Battease was arraigned for the charges on May 19, 2005. On the same date, the trial court ordered the state to preserve any videotapes relating to the charges
 {¶ 6} On July 27, 2005, Battease filed a motion to dismiss the charge on the basis that the Silverton police had not preserved the videotape from Officer Hickey's cruiser.
 {¶ 7} At the hearing on the motion, Hickey testified that he had viewed the videotape shortly after the arrest and had determined that it had no value for the prosecution of the charges. According to Hickey, the field-sobriety tests and other events relating to the arrest could not been seen on the tape because Officer Elliott's cruiser had obstructed the view.
 {¶ 8} Although Hickey and the other officers on the scene testified that Battease had been belligerent and combative, Hickey testified that the confrontation between Battease and the officers had not been captured on video. He stated that, apart from the rear of the other cruiser, the only image that had been captured on the tape was the sleeve of his shirt as he stepped out into the lane of traffic to subdue Battease.
 {¶ 9} On the basis of his evaluation of the videotape's lack of value for prosecuting the offense, Hickey had decided to reuse the videotape. All video evidence of the Battease arrest was lost within a few days of the arrest.
 {¶ 10} Battease presented the court with the Silverton police regulations governing the preservation of videotapes. The applicable regulation provided that "tapes containing information that may be of value for case prosecution or in any criminal or civil adversarial proceeding * * * shall be maintained by the officer in a secure location for a minimum period of time (usually 30 days) to insure that they are not needed for evidence, scheduled court proceedings or other adversarial or departmental uses." Hickey testified that he had believed the regulation inapplicable given his conclusion that the videotape had not contained relevant evidence.
 {¶ 11} The trial court recognized that the videotape had been reused before the court's order to preserve evidence had been issued, but it held that Hickey's violation of the departmental regulations had constituted bad faith. The court further held that the destruction of the evidence violated Battease's due-process right to review the evidence and to determine its usefulness in preparing a defense. The court accordingly dismissed the charges.
 {¶ 12} In a single assignment of error, the state now argues that the trial court erred in granting Battease's motion to dismiss.
 {¶ 13} The state's failure to preserve materially exculpatory evidence or its destruction of potentially useful evidence violates a defendant's due-process rights under the Fourteenth Amendment to the United States Constitution.[2] Evidence is deemed to be materially exculpatory where it possessed an exculpatory value that was apparent before the evidence was destroyed and was of such a nature that the defendant would be unable to obtain comparable evidence by other means.[3] Even if the evidence is not materially exculpatory, the failure to preserve evidence that is potentially useful violates the defendant's due-process rights where the police or prosecution acts in bad faith.[4]
 {¶ 14} Generally, the defendant bears the burden to prove that the evidence was exculpatory, but where the defendant moves to have the evidence preserved and the state destroys the evidence, the burden shifts to the state to demonstrate its inculpatory value.[5] We review the trial court's granting of the motion to dismiss de novo.[6]
 {¶ 15} In this case, the trial court placed the burden on Battease to demonstrate that the evidence was materially exculpatory or, in the alternative, to prove that the state had acted in bad faith and that the evidence was potentially useful. The trial court apparently allocated the burden based on the evidence having been destroyed before the court had ordered the evidence to be preserved.
 {¶ 16} In view of the rapidity with which Hickey had recycled the tape, it was certainly arguable that Battease had not had sufficient time to seek an order preserving the evidence prior to its destruction and that the burden of persuasion should therefore have remained on the state. But because we hold that Battease carried her burden in any event, we find no prejudice in the court's allocation of the burden.
 {¶ 17} We turn first to the question whether Officer Hickey had acted in bad faith in destroying the evidence. Because Hickey violated Silverton's regulation governing the preservation of evidence, we find no error in the trial court's finding of bad faith.[7]
 {¶ 18} The departmental regulations, by their very terms, were intended to preserve evidence so that the defendant, the prosecution, and the court could ultimately determine its usefulness, relevance, and persuasiveness in a court proceeding.
 {¶ 19} When Officer Hickey violated the regulations and made the unilateral determination that the videotape was not necessary for subsequent court proceedings, he consciously circumvented the protections that the regulations contemplated. To permit the arresting officer to decide what was relevant or useful to Battease would be to abrogate her fundamental due-process rights. So Battease met her burden of establishing bad faith.
 {¶ 20} Moreover, we hold that Battease met her burden of demonstrating that the destroyed evidence was potentially useful. While the officers testified that Battease had been physically combative with them, Battease maintained that she had been compliant. The videotape was potentially useful in demonstrating that any alleged scuffle had not spilled out into the lane of traffic or onto the berm on the other side of Elliott's cruiser. In other words, the videotape was potentially useful to Battease for what it did not depict.
 {¶ 21} In fact, the videotape would have been the only objective evidence of the extent, if any, to which Battease had been belligerent and physically combative. The trial court was therefore correct in holding that the destruction of the tape had violated Battease's due-process rights.
 {¶ 22} And though the dismissal of the charges may appear to have been a harsh penalty for the violation of the departmental regulations, the state has not suggested an acceptable alternative. We overrule the assignment of error and affirm the judgment of the trial court. Judgment affirmed.
HENDON and WINKLER, JJ., concur.
RALPH WINKLER, retired, of the First Appellate District, sitting by assignment.
[1] Although the municipal court docketed two separate charges under R.C. 4511.19(A)(1)(a), the state alleged only one offense under that statute.
[2] State v. Benson, 152 Ohio App.3d 495, 2003-Ohio-1944,788 N.E.2d 693, at ¶ 10.
[3] Id., citing State v. Benton (2000), 136 Ohio App.3d 801, 805,737 N.E.2d 1046.
[4] Id., citing State v. Lewis (1990), 70 Ohio App.3d 624, 634,591 N.E.2d 854.
[5] Id. at ¶ 11.
[6] State v. Johnson, 8th Dist. No. 82527, 2003-Ohio-4569, at ¶ 7.
[7] See State v. Combs, 5th Dist. No. 03CA-C-12-073, 2004-Ohio-6574, at ¶ 29.