DECISION AND JUDGMENT ENTRY
{¶ 1} These are consolidated appeals by appellant, Tyrone Johnson. The first is from a judgment of May 30, 2007, of the Lucas County Court of Common Pleas that convicted Johnson of two counts of aggravated murder[1], of one count of aggravated *Page 2 
robbery[2], and a firearm specification[3] on each count. The second appeal is from the trial court's subsequent denial of his petition for postconviction relief under R.C. 2953.21. We consider the direct appeal of the convictions first.
 {¶ 2} This prosecution concerned the killings of a man and woman who were shot to death in a Pontiac Bonneville automobile on September 19, 2006, in Toledo, Ohio. On the day of the murders, Toledo police learned that a witness saw two men exit the vehicle after the shootings. One of the men fell, dropped a firearm, and retrieved it as he exited the vehicle. They both ran. Nine days after the shootings, the Toledo Police completed their investigation of the vehicle and released it. Johnson was indicted for the killings after release of the vehicle, on November 17, 2006.
 {¶ 3} In the trial court, Johnson claimed that the automobile was a critical piece of evidence, that scientific testing of the automobile to identify the location of the shooter was not performed by Toledo Police, and that failure to preserve the automobile as evidence violated his right to due process of law. On May 4, 2007, appellant moved to dismiss or, alternatively, for the trial court to impose other sanctions due to the state's failure to preserve evidence. The trial court denied the motion on May 18, 2007, after a hearing. *Page 3 
 {¶ 4} The case proceeded to trial. On May 25, 2007, a jury found Johnson guilty of all three counts of the indictment. Under a judgment entry filed on May 30, 2007, Johnson was convicted on each count, sentenced to serve 20 years to life on each aggravated murder charge, to serve ten years for aggravated robbery, and to serve three years for the firearm specification. The aggravated murder prison terms run consecutively to each other and concurrent to the prison term for aggravated robbery. The sentence under the firearm specification was mandatory and consecutive.
 {¶ 5} Appellant appeals the judgment to this court. On appeal he asserts three assignments of error:
 {¶ 6} "I. The defendant's due process rights were violated when the state failed to preserve exculpatory evidence.
 {¶ 7} "II. The state's failure to preserve evidence was bad faith.
 {¶ 8} "III. The trial court erred by denying defendant's motion for sanctions for the state's failure to preserve evidence."
 {¶ 9} The legal consequences of the state's failure to preserve evidence material to a criminal prosecution differs depending on whether the evidence is classified as "materially exculpatory evidence" or "potentially useful" evidence. "The Due Process Clause of theFourteenth Amendment to the United States Constitution protects a defendant from being convicted of a crime when the state either failed to preserve for trial materially exculpatory evidence or, in bad faith, failed to preserve for trial potentially useful evidence. Arizona v.Youngblood (1988), 488 U.S. 51, 57-58; *Page 4 109 S.Ct. 333, 102 L.Ed.2d 281; California v. Trombetta (1984),467 U.S. 479, 488-489, 104 S.Ct. 2528, 81 L.Ed.2d 413; State v. Groce (1991),72 Ohio App.3d 399, 401, 94 N.E.2d 997; State v. Lewis (1990),70 Ohio App.3d 624, 633-635; 591 N.E.2d 854; State v. Thomas (Mar. 15, 1990), Cuyahoga App. No. 56652, unreported." Ohio v. Fort (July 18, 1997), 6th Dist. No. L-96-299; see State v. Greeslin, 116 Ohio St.3d 252,2007-Ohio-5239, ¶ 10.
 {¶ 10} Appellant argues due process violations under either classification of the evidence, alternatively. Under Assignment of Error No. 1, appellant argues that the automobile was exculpatory evidence. Under Assignment of Error No. 2, appellant argues that the failure to preserve the automobile was in bad faith and due process was violated even if the evidence were considered only potentially useful.
 {¶ 11} Under California v. Trombetta (1984), 467 U.S. 479, the exculpatory nature of the evidence must be "apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 489; see State v. Cal, 6th Dist. No. OT-05-005,2006-Ohio-120, ¶ 34.
 {¶ 12} Appellant argues that the vehicle contained blood spatter evidence and physical evidence of a bullet hole in the dash that when considered with the physical remains of the victims would have provided a basis to identify the location and direction of the shooter in the car. There were two men in the back seat of the car. The victims *Page 5 
were seated in the front. Appellant has agreed in his brief on appeal that he and Latrel Brown were the individuals in the back seat.
 {¶ 13} Brown testified at trial that Johnson was the shooter. Johnson did not testify at trial. His counsel argued that Brown was the shooter.
 {¶ 14} Appellant claims that evidence to identify the location and direction of the shooter is exculpatory evidence and that failure to preserve the evidence requires dismissal of the case without proof of bad faith by the state.
 {¶ 15} As the evidence stood in September 2006, when the car was released by police, the nature of the blood spatter evidence was unknown. It was not known whether the evidence would tend to exonerate or implicate appellant in the shootings. Further testing was required, testing that appellant criticizes the state for failing to undertake.
 {¶ 16} In Illinois v. Fisher (2004), 540 U.S. 544, the United States Supreme Court considered a due process claim based upon the destruction of drug evidence under established procedures. The defendant had been charged with possession of cocaine but became a fugitive while on bond. Testing of a white powder seized from appellant during a traffic stop had previously disclosed the substance to be cocaine. The powdery substance was subsequently destroyed under standard police procedures during a ten year period in which the defendant was a fugitive.
 {¶ 17} The defendant in Illinois v. Fisher argued that the substance was "essential to and determinative of the outcome of the case" and that it provided the defendant his "only hope for exoneration." Id. at 548. The Supreme Court held, however, that the *Page 6 
distinction recognized in Youngblood between materially exculpatory evidence and potentially useful evidence controlled. Id at 549. The court deemed that the evidence "might have provided the defendant with an opportunity to show that the police tests were mistaken" but that such evidence "was, at best, `potentially useful' evidence, and therefore Youngblood's bad-faith requirement applies." Id.
 {¶ 18} Here, whether further testing would establish blood spatter evidence tending to exonerate appellant was unknown at the time the car was released. Under Youngblood, such evidence therefore does not constitute materially exculpatory evidence. Rather, it constitutes evidence potentially useful to the defense for which proof of bad faith in its destruction is necessary to establish denial of due process.
 {¶ 19} Our decision in State v. Durnwald, 163 Ohio App.3d 361,2005-Ohio-4867 does not compel a different result. The videotape considered in Durnwald was not materially exculpatory evidence. Id. at ¶ 31. The due process violation found in Durnwald was based upon a bad faith failure to preserve evidence. Id. at ¶ 36. Similarly, the First District Court of Appeals' decision in State v. Battease, 1st Dist. Nos. C-050837 and C-050838, 2006-Ohio-6617, was based upon a finding of bad faith of the police officer in intentionally destroying videotape evidence in violation of police regulations that required preservation of videotapes. State v. Battease at ¶ 17-19.
 {¶ 20} Appellant's Assignment of Error No. 1 is not well-taken.
 {¶ 21} Under Assignment of Error No. II, appellant argues that the police acted in bad faith in failing to preserve the automobile as evidence. "The term `bad faith' *Page 7 
generally implies something more than bad judgment or negligence. `It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." State v. Babos, 6th Dist. Nos. L-05-1394, L-05-1424, and L-06-1209, 2007-Ohio-2393, ¶ 21, quotingState v. Wolf, 154 Ohio App. 3d 293, 2003-Ohio-4885, ¶ 14 andHoskins v. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 276.
 {¶ 22} The trial court found that release of the automobile was not undertaken in bad faith. It concluded that the failure to do positioning studies and measurements inside the vehicle to help identify the location of the shooter was caused by the fact that the victim's bodies had been removed from the automobile by emergency medical responders before SUI investigators arrived at the scene. The trial court characterized appellant's criticism of the nature of the police investigation, including the lack of testing and the failure to preserve the automobile, as presenting questions as to the police department's "exercise in judgment, maybe bad judgment, but not bad faith." Appellant has not claimed that release of the automobile violated any police regulation.
 {¶ 23} We conclude that there is competent credible evidence supporting the trial court's conclusion that the police did not act in bad faith in failing to preserve the automobile as evidence in this case. As a due process violation for failure to preserve potentially useful evidence requires proof of bad faith, Assignment of Error No. II is not well-taken. *Page 8 
 {¶ 24} Under Assignment of Error No. III, appellant argues that the trial court erred in failing to impose sanctions due to the state's failure to preserve evidence. As this court has concluded that there was no denial of appellant's due process rights due to the failure to preserve the automobile as evidence, we find Assignment of Error No. III not well-taken.
 {¶ 25} We affirm the judgment of conviction and sentence of May 30, 2007, of the Lucas County Court of Common Pleas.
 Postconviction Relief {¶ 26} After conviction and sentence, appellant filed a petition for postconviction relief in the trial court pursuant to R.C. 2953.21. The state opposed postconviction relief and filed a motion to dismiss or, alternatively, for summary judgment on the petition. In a judgment entry filed on June 23, 2008, the trial court issued findings of fact and conclusions of law on the motion and denied postconviction relief.
 {¶ 27} Appellant has appealed the judgment denying postconviction relief to this court. This is a pro se appeal. Appellant asserts three assignments of error on appeal:
 {¶ 28} "(1) Prosecutor withheld exculpatory evidence and introduced false evidence.
 {¶ 29} "(2) Trial court erred in granting summary judgment.
 {¶ 30} "(3) Trial court erred when judge did not rule on all the claim." *Page 9 
 {¶ 31} Appellant has represented himself in proceedings for postconviction relief. He filed no documentary evidence to support the petition. The petition and appellant's brief on appeal are frequently unclear as to meaning and conclusory in form.
 {¶ 32} Under the first assignment of error in this appeal, appellant attempts to reargue his claim that he was denied due process by the state's failure to preserve the Pontiac Bonneville as evidence. The doctrine of res judicata, however, prevents appellants from asserting issues in postconviction proceedings that were raised or could have been raised on direct appeal. State v. Szefcyk (1996), 77 Ohio St.3d 93, 96;State v. Perry (1967), 10 Ohio St.2d 175, paragraphs seven and nine of syllabus.
 {¶ 33} Johnson also claims under the first assignment of error that the prosecutor "introduced false evidence." The appellant's brief includes a contention that there was false testimony at trial concerning DNA evidence. He argues evidence was lacking as the car was destroyed before his DNA sample was taken. Johnson also claims that Detective Molnar of the Toledo Police Department falsely testified that Johnson admitted that he was ambidextrous when Molnar interrogated him.
 {¶ 34} The nature of these objections is such that appellant could have raised them in the trial court and on direct appeal. Accordingly res judicata precludes consideration of the claims in an application for postconviction relief.
 {¶ 35} We find that Assignment of Error No. 1 is not well-taken.
 {¶ 36} Under Assignment of Error No. 2, appellant argues that the trial court erred in granting summary judgment against him on his petition for postconviction relief. The *Page 10 
legal argument in his appellate brief appears to contend procedural error, not error on the merits. In his brief, appellant argues that "when defendant [sic] filed petition pro se the state was to inform petitioner of the motions filed by prosecution in regards to the petition."
 {¶ 37} Appellant cited two cases in his legal argument on this assignment of error: State v. Pless (1993), 91 Ohio App.3d 197 andState v. Davis (1999), 133 Ohio App.3d 511. State v. Pless was a decision of this court. The case reversed a trial court's judgment granting the state's motion for summary judgment to deny postconviction relief. The decision was based upon the fact that the petitioner had been denied an opportunity to oppose the motion. The trial court ruled on the motion before the 14 day time period for the petitioner's response had expired.
 {¶ 38} Appellant has not asserted any facts making the State v.Pless decision pertinent to his case. He has not asserted that that he was denied an opportunity to oppose the state's motion or that he was not served a copy the motion before the court's ruling. The record includes a certification by the state that its alternative motion to dismiss or for summary judgment was served upon appellant by ordinary mail on February 15, 2008. The trial court issued its ruling on the motion over four months later, on June 23, 2008.
 {¶ 39} State v. Davis (1999), 133 Ohio App.3d 511 is a decision of the Eighth District Court of Appeals. The Eighth District held in the case that the trial court erred by dismissing the petition for postconviction relief without a hearing. The court of appeals *Page 11 
recognized in the case that a petition for postconviction relief may be dismissed without a hearing where the petitioner fails to submit evidentiary material with his petition setting sufficient operative facts demonstrating substantive grounds for relief. Id. at 515-516. The court of appeals held in State v. Davis that the trial court had erred in failing to review evidentiary materials submitted in support of the petition when considering whether the petitioner had in fact demonstrated substantive grounds for relief. The court of appeals concluded that the trial court had not reviewed a transcript that was key to the claimed right to relief.
 {¶ 40} Here, however, it cannot be claimed that the trial court failed to review evidentiary material filed in support of the petition for postconviction relief. Appellant submitted no evidentiary material in support of his petition.
 {¶ 41} We find that Assignment of Error No. 2 is not well-taken.
 {¶ 42} Under Assignment of Error No. 3, appellant asserts error because the trial "judge did not rule on all the claim." In his appellate brief, Johnson limited this argument to complaints of false testimony at trial by Detective Molnar and Latrel Brown, asserting that he did not make the statements attributed to him by Molnar. Johnson argued that because he was imprisoned from June 2000 until May 2005, and then from September 2005 to June 2006, testimony by Latrel Brown that he and Johnson had dealt drugs for four or five years were clearly false. Postconviction relief under R.C. 2953.21 is not a substitute for direct appeal. These issues could have been raised in the trial court or on direct appeal. Accordingly res judicata bars their consideration now. *Page 12 
 {¶ 43} Appellant also argues under Assignment of Error No. 3 that the trial court erred in dismissing his petition without conducting an evidentiary hearing. He has not identified any issue that required a hearing.
 {¶ 44} A trial court may summarily dismiss a postconviction petition without a hearing, where the petitioner fails to present supporting evidentiary documents sufficient to demonstrate the existence of operative facts supporting the petitioner's entitlement to relief.State v. Jackson (1980), 64 Ohio St.2d 107, at syllabus; State v.Williams, 162 Ohio App.3d 55, 2005-Ohio-3366, ¶ 23.
 {¶ 45} Appellant's first claim for relief in the petition was for claimed ineffective assistance of counsel due to the fact that trial counsel failed to seek admission into evidence at trial the videotape of Detective Molnar's interrogation of him when Molnar testified at trial. The trial court noted that the videotape was the subject of a motion to suppress in the case and the tape was capable of being evaluated on direct appeal. The trial court concluded that the ineffective assistance of counsel claim could have been raised by appellant's new counsel on appeal and was therefore barred by res judicata.
 {¶ 46} We agree. Where issues raised do not require consideration of evidence outside of the record in the original proceedings, the issues should have been raised on direct appeal from the original judgment and res judicata applies. State v. Thomson, 6th Dist. No. L-05-1213,2006-Ohio-1224, ¶ 27; State v. Brown, 8th Dist. No. 84322,2004-Ohio-6421, ¶ 8. Accordingly, no substantive basis for relief existed on the issue and a hearing on the claim was unnecessary. *Page 13 
 {¶ 47} The second claim in the petition for postconviction relief asserted improper arguments by the prosecutor in closing arguments. As that issue is also one that could have been raised in the trial court and on direct appeal, we conclude it also was barred under res judicata. No hearing was required, therefore, on that claim.
 {¶ 48} In the third claim in the petition, appellant claimed that the prosecution withheld exculpatory evidence concerning a handwriting exemplar and crime scene investigation. We have already determined that arguments based upon the contention that due process was denied due to failing to preserve the Pontiac Bonneville as evidence are barred by res judicata. We agree with the trial court that appellant failed to allege any facts to support his allegations that exculpatory evidence was withheld relating to any handwriting exemplar.
 {¶ 49} Finally, in the fourth claim in the petition, appellant claims that procedures used by Detective Molnar to secure photographic identification of appellant by Juan Hernandez violated due process. The trial court held that appellant failed to provide any evidence to support the contention.
 {¶ 50} Ohio has long recognized that there is no automatic right to a hearing on petitions for postconviction relief under R.C. 2953.21. Substantive grounds for relief must exist to warrant a hearing. E.g.,State v. Jackson (1980), 64 Ohio St.2d 107, 110; State v. Smith (2001), 6th Dist. No. L-99-1310. The petitioner carries the evidentiary burden in proceedings for postconviction relief to present evidentiary documents *Page 14 
containing sufficient operative facts to present a substantative basis for relief. State v. Williams, 162 Ohio App.3d 55, 2005-Ohio-3366, ¶ 23.
 {¶ 51} We agree with the trial court that dismissal of the petition without a hearing was appropriate in this case. The grounds asserted for postconviction relief were either barred under res judicata or appellant failed to meet the evidentiary burden to present documents containing sufficient operative facts to present a substantive basis for relief. We find that Assignment of Error No. 3 is not well-taken.
 {¶ 52} On consideration whereof, the court finds that substantial justice has been done the party complaining. In appeal No. L-07-1193, the court affirms the judgment of May 30, 2007, of the Lucas County Court of Common Pleas of conviction and sentence. In appeal No. L-08-1230, the court affirms the judgment of June 23, 2008, of the Lucas County Court of Common Pleas denying postconviction relief.
 {¶ 53} Appellant is ordered to pay the costs of these consolidated appeals pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal in both appeals is awarded to Lucas County.
 JUDGMENTS AFFIRMED. *Page 15 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., Arlene Singer, J. and Thomas J. Osowik, J., CONCUR.
[1] The aggravated murder charges were for violations of R.C. 2903.01(B) and (F).
[2] The aggravated robbery charge was for violation of R.C. 2911.01(A)(1).
[3] The firearm specification was under R.C. 2941.145. *Page 1