[Cite as *State v. Brown*, 2019-Ohio-1615.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-180236 |
| | | C-180237 |
| Plaintiff-Appellant, | : | C-180261 |
| | | C-180262 |
| vs. | : | TRIAL NOS. C-17TRC-41638A |
| | | C-17TRC-41638B |
| JEREMY BROWN, | : | C-18TRC-702A |
| | | C-18TRC-702B |
| Defendant-Appellee. | : | |
| | : | *O P I N I O N.* |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 1, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Krista Gieske*, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1} Plaintiff-appellant the state of Ohio appeals the judgments of the trial court dismissing the charges against defendant-appellee Jeremy Brown. We determine that the trial court erred in holding that the police violated Brown's due-process rights by failing to turn over video evidence from Brown's traffic stop; therefore, we reverse.

*Factual Background and Procedural Posture*

{¶2} On October 23, 2017, Mariemont police initiated a traffic stop of a vehicle driven by Brown. As a result of that stop, the state charged Brown with operating a vehicle while under the influence of drugs or alcohol ("OVI") under R.C. 4511.19(A)(1)(a), OVI with a prior conviction and refusal under R.C. 4511.19(A)(2), and two counts of failure to yield under R.C. 4511.43. Brown filed a motion to preserve all video and audio recordings from his stop. When the state did not turn over video from the police cruiser's dash camera, Brown filed a motion to dismiss the charges against him.

{¶3} At the hearing on Brown's motion to dismiss, Officer Tom Ostendarp testified that he had administered field-sobriety tests to Brown, and that he had turned on his cruiser's dash camera before administering the tests. When he received Brown's motion to preserve evidence, Officer Ostendarp looked for the video from Brown's stop in the department's computer system, even though he does not typically handle such requests. Officer Ostendarp could not locate the video, and he admittedly forgot to place a request for the video to Officer Adam Geraci, the person who typically handles the video data collection. By late 2017, someone placed a request to Officer Geraci for the video of Brown's stop.

{¶4} Officer Adam Geraci testified that he had looked for the video from Brown's traffic stop. Although he found digital video files from the date of Brown's stop, he could not access the digital files to view them. Officer Geraci discovered that the video-downloading system that the department used to retrieve the videos from all of its patrol-car cameras had malfunctioned and had to be replaced. After discovering the system problem, Officer Geraci realized that the problem had begun as early as August or September.

{¶5} The trial court determined that the Mariemont police officers did not act in bad faith in failing to turn over the video of Brown's stop, however, the trial court determined that the recording was materially exculpatory, and that the failure to preserve the video violated Brown's due-process rights. The trial court granted Brown's motion to dismiss. The state appeals.

### Law and Analysis

{¶6} In its sole assignment of error, the state argues that the trial court erred in granting Brown's motion to dismiss. This court has jurisdiction to review a trial court's decision granting a motion to dismiss a criminal complaint under R.C. 2945.67.

{¶7} As an initial matter, we address Brown's argument that the state failed to prosecute the appeals related to the OVI charge under R.C. 4511.19(A)(1)(a) and the failure-to-yield charges. Brown urges this court to dismiss the state's appeals related to those charges under *State v. Benson*, 152 Ohio App.3d 495, 2003-Ohio-1944, 788 N.E.2d 693 (1st Dist.). In *Benson*, the defendant had been convicted of OVI and disregarding a traffic-control device. On appeal, the defendant challenged the trial court's denial of his motion to dismiss based upon the state's failure to

preserve materially exculpatory evidence, and the trial court's decision to allow the arresting officer to testify as to the defendant's sobriety. The court determined that the defendant's assignments of error "in no way implicate[d]" the defendant's conviction for disregarding a traffic-control device, and therefore the court dismissed the defendant's appeal from that charge.

{¶8} The case at bar presents a different procedural posture than *Benson*. In *Benson*, the defendant had been convicted of two charges, and the defendant's appeal addressed only the trial court's decisions with respect to the OVI charge. Here, the trial court dismissed all charges related to Brown's traffic stop, even the failure-to-yield charges, after finding that the state's failure to produce the video of the field-sobriety tests violated Brown's due-process rights. Even though the state's assignment of error and arguments therein challenge only the trial court's decision on Brown's motion to dismiss, the trial court dismissed all charges. Therefore, the state has prosecuted its appeal as to all of Brown's dismissed charges.

{¶9} This court reviews de novo a trial court's decision on a motion to dismiss on the basis that the state failed to preserve materially exculpatory evidence, or destroyed potentially useful evidence in bad faith. *State v. Battease*, 1st Dist. Hamilton Nos. C-050837 and C-050838, 2006-Ohio-6617, ¶ 14.

{¶10} The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects a criminal defendant from being convicted when the state either fails to preserve materially exculpatory evidence or destroys, in bad faith, potentially useful evidence. *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865.

4

{¶11} In Brown's motion to dismiss, Brown argued that the video of his traffic stop was materially exculpatory, and that the state failed to preserve the video in bad faith.

{¶12} Evidence is materially exculpatory if it (1) "possesses 'an exculpatory value that was apparent before the evidence was destroyed' " and (2) is " 'of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.' " *Powell* at ¶ 74, quoting *California v. Trombetta*, 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). "The possibility that [evidentiary material] could have exculpated [the defendant] if preserved or tested is not enough to satisfy the standard of constitutional materiality." *Youngblood* at 56. The defendant bears the burden to show that the evidence was materially exculpatory. *Powell* at ¶ 74. However, if the defendant requests preservation of the evidence, and the state subsequently fails to preserve it, then the burden shifts to the state. *State v. Acosta*, 1st Dist. Hamilton Nos. C-020767, C-020768, C-020769, C-020770 and C-020771, 2003-Ohio-6503, ¶ 6.

{¶13} The record shows that the video evidence of Brown's stop was lost before Brown's request to preserve evidence. After Brown filed his motion, the police could not locate the video of Brown's stop because of a system-wide malfunction. The police determined that the problem had begun months prior to Brown's stop. Because the evidence shows that the video had been lost prior to Brown's motion to preserve, the burden remains with Brown to show that the video was materially exculpatory.

{¶14} At the hearing on Brown's motion to dismiss, the only testimony offered was that of Officers Ostendarp and Geraci, and no evidence was offered as to

what occurred during Brown's stop, except that Officer Ostendarp performed field-sobriety tests. The officers' testimony indicated that the video from Brown's traffic stop did not properly download due to a system malfunction, and that no one viewed the video. On this record, Brown has not met his burden to show that the evidence was materially exculpatory. *See State v. Durham*, 8th Dist. Cuyahoga No. 92691, 2010-Ohio-1416 (defendant did not meet his burden to show that the videotape of his OVI stop was materially exculpatory where no one viewed the videotape before it was erased).

{¶15} If the missing evidence is not materially exculpatory, but "potentially useful," then a different rule applies. *Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, at ¶ 77. Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law. *Youngblood*, 488 U.S. at 58, 109 S.Ct. 333, 102 L.Ed.2d 281. "The term bad faith generally implies something more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." (Internal citations and quotations omitted.) *Powell* at ¶ 81.

{¶16} Here, the trial court determined that the police did not act in bad faith because the cruiser video did not download properly, and the police did not discover this malfunction until after Brown filed his motion. Brown argues that Officer Ostendarp acted in bad faith by failing to submit a request for the video to Officer Geraci, the officer in charge of data collection. Brown likens Officer Ostendarp's inaction to cases in which courts found bad faith when officers failed to follow

departmental policies to safeguard evidence. *See State v. Combs*, 5th Dist. Delaware No. 03CA-C-12-073, 2004-Ohio-6574; *In re J.B.*, 6th Dist. Williams No. WM-16-002, 2017-Ohio-406. In this case, the videos from Officer Ostendarp's cruiser should have automatically downloaded and been stored within the department for six months. Because the department's system malfunctioned, the video from Brown's stop did not download properly, and nothing in the record suggests that the video could have been saved had Officer Ostendarp submitted a request to Officer Geraci.

{¶17} At the time of Brown's stop, the station policy for checking whether the video system worked properly was every three to six months. Officer Geraci checked the system in early or mid-August, and it was working. Brown's stop occurred in October, and Officer Geraci checked the system in December, when he uncovered the problem. Although the Mariemont police could have discovered the faulty video downloads prior to late 2017, nothing in the record suggests that the police breached a known duty, or acted with a dishonest purpose or ill will in failing to uncover the problem. Therefore, the police did not act in bad faith by failing to preserve the video from Brown's traffic stop.

## Conclusion

{¶18} Brown has not met his burden to show that the video of his OVI traffic stop was materially exculpatory, and the police did not act in bad faith in failing to preserve the video. Therefore, Brown's due-process rights were not violated, and the trial court erred in granting Brown's motion to dismiss. We sustain the state's assignment of error. We reverse the judgments of the trial court and the cause is remanded for further proceedings on Brown's charges.

Judgments reversed and cause remanded.

**MYERS, P.J.,** and **CROUSE, J.,** concur.

**Please note:**

The court has recorded its own entry on the date of the release of this opinion.